IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JULIE KELFORD and
JOSEPH KELFORD,

        Plaintiffs,

v.                                          Civil Action No. 1:11CV146
                                                                (STAMP)
BANK OF AMERICA, N.A. f/k/a
BAC HOME LOANS SERVICING, LP
and JOHN DOE HOLDER,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND;
DENYING AS MOOT BANK OF AMERICA'S MOTION TO
STAY PRETRIAL DEADLINES AND DISCOVERY; AND
DENYING BANK OF AMERICA'S MOTION TO
DISMISS WITHOUT PREJUDICE**

I.   Background

On July 25, 2011, the plaintiffs commenced this civil action by filing a complaint in the Circuit Court of Braxton County, West Virginia against Bank of America, N.A. ("BOA"), the servicer of their home mortgage loan.[1]  On August 15, 2011, the plaintiffs filed an amended complaint in the Circuit Court of Braxton County. The amended complaint sets forth seven claims against BOA arising from its conduct in servicing the plaintiffs' home mortgage loan: (1) breach of contract; (2) fraud; (3) misrepresentations in debt collection; (4) negligence; (5) estoppel; (6) failure to provide a

---

[1] In their response to the motion to remand, BOA states that as of July 1, 2011, BAC Home Loans Servicing, L.P. merged with and into Bank of America, N.A.  Def.'s Resp. to Mot. to Remand n.1.

statement of account; and (6) illegal debt collection. The amended complaint also provides that the plaintiffs waive recovery of any amount in excess of $74,999.99. Am. Compl. ¶ 4. A stipulation, filed together with the amended complaint, states that the value of all of the plaintiffs' alleged damages is no greater than $75,000.00, inclusive of attorney's fees. The stipulation further provides that the plaintiffs are not entitled to recover any award in excess of $75,000.00. BOA removed the case to this Court on September 19, 2011 pursuant to 28 U.S.C. § 1332.

Following removal, the plaintiffs filed a motion to remand pursuant to 28 U.S.C. § 1446. In support of this motion, the plaintiffs argue that they executed a valid stipulation defeating federal court jurisdiction by limiting the amount of recovery to less than the amount in controversy required for subject matter jurisdiction. In its response, filed on October 27, 2011, BOA argues that it has established that the amount in controversy exceeds $75,000.00. Specifically, BOA contends that because the plaintiffs seek an injunction prohibiting the sale of their property secured by the deed of trust, a judgment declaring that the plaintiffs are entitled to the injunctive relief sought would have a pecuniary result exceeding $75,000.00 because the defendant would be left with no means of liquidating the debt and recovering the outstanding balance of the loan. According to BOA, the

plaintiffs' stipulation limiting the amount of their potential monetary recovery is not controlling.

On November 2, 2011, the plaintiffs filed a reply reiterating that the stipulation, which includes equitable and injunctive relief, is binding and arguing that BOA has not met its burden of establishing that the value of the injunctive relief sought by the plaintiffs exceeds $75,000.00.  For the reasons set forth below, this Court grants the plaintiffs' motion to remand.

## II.   Facts[2]

In November 2007, Julie and Joseph Kelford obtained a mortgage loan for $156,600.00 from Countrywide Bank, FSB in order to obtain funds to conduct repairs on their home.  In February 2009, Mrs. Kelford was seriously injured and unable to work.  A few months later, Mrs. Kelford contacted the defendant to request a loan modification.  The defendant informed the plaintiffs that they pre-qualified for a reduced payment and instructed them to pay a sum nearly half of their regular monthly payment for a period of six months while the defendant worked out a permanent loan modification.

After making timely reduced payments for six months, the plaintiffs contacted the defendant repeatedly for a period of thirteen months requesting information regarding the status of

---

[2]For the purpose of deciding this motion to remand, this Court considers, for the most part, the facts as set forth by the plaintiffs in their amended complaint.

their loan modification. The defendant repeatedly assured the plaintiffs that their loan modification was being processed and that their application was in order. Despite these assurances, the defendant put the plaintiffs' home in foreclosure.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### IV. Discussion

The defendant's argument that this Court has subject matter jurisdiction over this action hinges upon the plaintiffs' request for "appropriate equitable relief enjoining the foreclosure sale of the home" that appears in Count IV of the original complaint. Compl. ¶ 61. The state court documents attached as Exhibit A to the notice of removal include both the original complaint and the amended complaint. However, there are pages missing from the

amended complaint, including the page that contains Count IV.[3] Because the plaintiffs state that the amended complaint sets forth the same seven claims that appear in the original complaint, this Court assumes that Counts IV and V are contained on the missing pages to the amended complaint. Pls.' Mot. to Remand at 3. Therefore, for the purposes of deciding this motion, this Court assumes that the request for equitable relief that appears in the original complaint also appears in the amended complaint and was inadvertently omitted during the filing of the notice of removal or was never received from the Circuit Court of Braxton County.

The plaintiffs allege that the original amount of the note which is secured by a deed of trust on their property is $156,600.00. Am. Compl. ¶ 7. The plaintiffs seek an injunction prohibiting the sale of the property secured by the deed of trust, and if they are successful in this litigation, the defendant could be left with an unsecured debt. Thus, BOA asserts that the injunctive relief requested in the plaintiffs' amended complaint should be factored into the amount in controversy. Because the outstanding balance on the note allegedly exceeds $75,000.00 and the plaintiffs seek to enjoin BOA's right to repossess the collateral securing the note, BOA argues that a judgment enjoining it from foreclosing on the property would exceed the $75,000.00

---

[3]The amended complaint attached to the notice of removal is missing page five and page eleven.

threshold. BOA further argues that the plaintiffs' representation that they will not seek damages in excess of $75,000.00 has no meaningful impact on this inquiry.

The plaintiffs argue that because they do not seek avoidance of the debt or an injunction preventing the defendant from collecting on the note, the defendant has failed to carry its burden of establishing the requisite amount in controversy. Further, the plaintiffs contend that the defendant has not established that the stipulation limiting "any award" and the waiver in the complaint of "recovery of any amount in excess of $74,999.99" fail to account for the value of any injunctive relief the Court may award.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to

determine whether the amount in controversy satisfies the jurisdictional minimum.  Id.

This Court is not required to grant remand simply because the plaintiffs limit themselves to a demand for recovery below the jurisdictional minimum.  McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001).  Rather, "the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal."  Id. at 489; see also JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (stating that jurisdiction turns on the good faith allegation in the complaint of an adequate jurisdictional amount).  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Washington State Apple Adver. Com'n, 432 U.S. 333, 347 (1977).  In evaluating the value of injunctive relief, the United States Court of Appeals for the Fourth Circuit has adopted the either-viewpoint rule, meaning that the value is properly judged from the viewpoint of either party.  McCoy, 147 F. Supp. 2d at 492; JTH Tax, Inc., 624 F.3d at 639 ("We ascertain the value of an injunction for amount in controversy purposes by reference to the large of two figures: the injunction's worth to the plaintiff or its cost to the defendant.").

In this case, BOA argues that the cost of the injunction would be $156,600.00 -- the original principal balance of the loan. BOA asserts that based on the payment history described in the plaintiffs' amended complaint, the plaintiffs have not demonstrated that the amount of the current outstanding balance is less than $75,000.00. Def.'s Resp. to Mot. to Remand n.2. Contrary to the defendant's assertion, the burden is on BOA to establish that the amount in controversy exceeds $75,000.00. While it is quite possible that the current balance of the plaintiffs' loan is greater than $75,000.00, it is also possible that the plaintiffs have made additional payments in order to reduce their debt. BOA has provided no records showing the actual amount due on the loan at the time of removal and has failed to show that the value of an injunction preventing foreclosure would equal the value of the amount remaining on the loan at the time of removal. See Caulfield v. EMC Mortgage Corp., No. 2:11-cv-00244, 2011 WL 2947039, at *8 (S.D. W. Va. July 19, 2011) (holding that the defendant failed to meet its burden of proving that the value of either party of the injunction sought by the plaintiffs is sufficient to satisfy the amount in controversy requirement).

Like the defendant in Caulfield, BOA has provided no record, statement, or other tangible evidence of the amount due on the loan at the time of removal. Instead, BOA asks this Court to speculate as to the current outstanding balance of the loan based upon the

8

few facts set forth in the amended complaint regarding the plaintiffs' monthly payments.  Removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.  See <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).  Therefore, this Court finds that BOA has not met its burden of proof with regard to the amount in controversy, the plaintiffs' stipulation adequately limits their recovery, and the plaintiffs' motion to remand must be granted.

V. <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to remand (ECF No. 14) is GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Braxton County, West Virginia.  Further, BOA's motion to stay pretrial deadlines and discovery (ECF No. 10) is DENIED AS MOOT and BOA's motion to dismiss (ECF No. 8) is DENIED WITHOUT PREJUDICE.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Braxton County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

```
DATED:      November 17, 2011


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE
```